UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LADAWN NEMO-SABREE, and BREANNE PARSHALL, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES INC., a Foreign for Profit Corporation,<br><br>Defendant.<br>_____/ | CASE NO.:<br><br>**HYBRID RULE 23 CLASS and FLSA COLLECTIVE ACTION**<br><br>**JURY TRIAL DEMANDED** |

### RULE 23 CLASS AND FLSA COLLECTIVE ACTION COMPLAINT WITH DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, LADAWN NEMO-SABREE and BREANNE PARSHALL ("Plaintiffs"), on behalf of themselves, and other similarly situated employees, by and through their undersigned counsel, and sue Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC. ("Defendant" or "Sedgwick"), and in support states as follows:

### Introduction

1. Plaintiffs and Opt-In Plaintiff Beaty are former and current employees of Defendant.

2. During the Class Period, Defendant misclassified Plaintiffs and similarly situated employees as exempt from overtime, and as a result, failed to pay Plaintiffs and all class members overtime.

3. Plaintiffs bring this instant action against Defendant, on behalf of themselves and a class of former, current and future employees who were similarly situated, to seek redress for

1

Defendant's systematic and class-wide failure to pay overtime, and for all other damages requested herein.

## Jurisdiction and Venue

4. This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a). The citizenship of Plaintiffs and Defendant is completely diverse. In this regard, and as more fully alleged below, Defendant is incorporated in Tennessee, and at all relevant times to this instant action transacted business in the State of Tennessee, and Plaintiffs are citizens of different states than Defendant, they are all domiciled in different states than Defendant in that they reside in different states than Defendant and have an intent to remain indefinitely in these different states. In addition, the amount in controversy exceeds the sum or value of $75,000.00.

5. This Court also has subject matter jurisdiction of the Fair Labor Standards Act ("FLSA") claims pursuant to 29 U.S.C. § 216(b), *et seq.*, and 28 U.S.C. § 1331, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court since at all times material to Plaintiffs' claims, Defendant has been incorporated in Tennessee, transacted business in the state of Tennessee, including within the Western District of Tennessee, and has conducted substantial, continuous, and systematic commercial activities in this District.

## Parties

7. Defendant is a Tennessee corporation with its principal place of business in Memphis, Tennessee, in Shelby County, and is a business who, at all relevant times to this instant action, transacted business in the state of Tennessee, including within the Western District of Tennessee, including conducting substantial continuous and systematic commercial activities in this District.

8.  Plaintiff Breanne Parshall ("Plaintiff Parshall") is and has been since the commencement of this action, a citizen of the United States and a citizen of Iowa. Plaintiff Parshall has been domiciled in Iowa since on or before the filing of this complaint and is still domiciled in the State of Iowa. In this regard, she is an individual sui juris, who since the filing of the complaint in this action has resided and continues to reside in Cedar Rapids, Iowa, and intends to remain in the State of Iowa indefinitely.

9.  Plaintiff LaDawn Nemo-Sabree ("Plaintiff Nemo-Sabree") is and has been since the commencement of this action, a citizen of the United States and a citizen of Illinois. Plaintiff Nemo-Sabree has been domiciled in Illinois since on or before the filing of this complaint and is still domiciled in the State of Illinois. In this regard, she is an individual sui juris, who since the filing of the complaint in this action has resided and continues to reside in Alsip, Illinois, and intends to remain in the State of Illinois indefinitely. At all times relevant hereto, Plaintiff Nemo-Sabree commuted to and worked in Defendant's Chicago, Illinois office.

10. Plaintiffs Parshall and Nemo-Sabree bring claims for unpaid overtime on behalf of themselves, and for all current, former, and future employees who work(ed) for Defendant throughout the United States, were salaried exempt, and processed long term disability claims. Upon information and belief, Sedgwick utilizes different titles for positions processing long term disability claims and/or they are referred to by different titles/names including but not limited to LTD Specialist, LTD Case Specialist, and Long Term Disability Specialist.

11. Plaintiff Nemo-Sabree also brings claims for unpaid overtime on behalf of herself, and for all current, former, and future employees who worked for Defendant throughout Illinois who were salaried exempt and processed long term disability claims.

12. Plaintiffs processed long term disability claims for Defendant. Typical job duties include(d) reviewing information on file; contacting and communicating with claimants; and, acting as a liaison for claimants between the client and medical provider. Plaintiffs were also required to frequently check e-mail.

13. Those similarly situated to Plaintiffs processed long term disability claims for Defendant. Similarly, their typical job duties include(d) reviewing information on file; contacting and communicating with claimants; and, acting as a liaison for claimants between the client and medical provider. They were also required to frequently check e-mail.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs Parshall and Nemo-Sabree bring this action on behalf of themselves and all other current, former, and future salaried exempt individuals who are and/or were employed by Defendant and who process(ed) long term disability claims, for unpaid overtime and related damages under the Fair Labor Standards Act. (herein referred to as "LTD FLSA Class").

15. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

16. As used herein, the term "FLSA covered positions" refers to all current, former, and future salaried exempt employees who process(ed) long term disability claims throughout the United States and who were and/or are employed during the relevant time frame for this FLSA action.

17. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiffs Parshall, Nemo-Sabree, and other individuals as defined herein, and exercised control over the wage, hours, and working conditions of Plaintiffs and other similarly situated employees.

18. Plaintiffs and similarly situated employees were classified as exempt salaried employees and were not paid time and one half for all hours worked in a workweek. Plaintiffs and similarly situated employees regularly worked over forty (40) hours per week without being paid the overtime premium.

19. Plaintiffs and similarly situated employees who processed long term disability claims were denied overtime wages because they were misclassified as exempt employees.

20. Defendant employs hundreds and/or thousands of employees who process(ed) long term disability claims throughout the United States.

21. Other employees who worked for Defendant throughout the United States, and who are members of the FLSA collective class as defined herein were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation.

22. At all relevant times Plaintiff Parshall, Plaintiff Nemo-Sabree, and the FLSA covered employees as defined herein are, and have been, similarly situated. Plaintiffs and the putative collective class members had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week; (2) willfully and inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that the Plaintiffs and similarly situated employees were to overtime pay; and, (3) willfully failed to keep records required by the FLSA.

23. Defendant knew or should have known that it misclassified these employees as Defendant has been sued for misclassifying employees who processed disability claims.

24. Upon information and belief, Defendant has also been investigated by the Department of Labor with respect to the same or a similar type of position.

25. Due to Defendant's willful violation of the FLSA a three (3) year statute of limitation applies.

26. The claims of Plaintiffs stated herein are essentially the same as those of the other potential FLSA collective class members.

27. Plaintiffs and all other similarly situated individuals who process(ed) long term disability claims have sustained damages from Defendant's failure to pay overtime compensation.

28. Plaintiffs will fairly and adequately protect the interests of the Class Members and have retained counsel experienced and competent in labor and employment law and class action litigation. Plaintiffs have no interests which are antagonistic to those of other Class Members.

29. Plaintiffs' claims are typical of the claims for the FLSA class of employees processing long term disability claims, in that they were performing the same and/or similar job duties; were misclassified as exempt from overtime under the FLSA; were paid a salary; worked more than forty (40) hours in a single work week; were not paid overtime; and, were harmed by Defendant's failure to pay the overtime compensation due and owing.

30. Collective Action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy, because it permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort.

## RULE 23 CLASS ACTION ALLEGATIONS

31. Plaintiff Nemo-Sabree brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and similarly situated employees in the state of Illinois.

32. Plaintiff Nemo-Sabree cannot yet ascertain the exact size of the Rule 23 class for Illinois, as such information is within the exclusive control of Defendant.

33. Plaintiff Nemo-Sabree will fairly and adequately protect the interests of the Class Members and has retained counsel experienced and competent in labor and employment law and class action litigation. Plaintiff has no interests which are antagonistic to those of other Class Members.

34. Plaintiff Nemo-Sabree's claims are typical of the claims for the Rule 23 Classes in that Plaintiff Nemo-Sabree and the Rule 23 Covered employees work(ed) for Defendant in Illinois processing long term disability claims performing the same and or similar job duties as the putative class members; Plaintiff Nemo-Sabree and the Covered employees are and/or were misclassified as exempt from overtime under the applicable state laws and ordinances referenced herein; Plaintiff Nemo-Sabree and Covered employees are and/or were paid a salary; Plaintiff Nemo-Sabree and Covered employees work(ed) more than forty (40) hours in a single work week; Plaintiff Nemo-Sabree and Covered employees are and/or were not paid overtime; and, Plaintiff Nemo-Sabree and Covered employees are and/or were harmed by Defendant's failure to pay the overtime compensation due and owing.

35. The rights of Plaintiff Nemo-Sabree and Class Members involve common questions of law and fact which predominate over questions affecting only Plaintiff or Class Members.

36. Class Action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy, because it permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort.

## COUNT I
### FLSA Collective Action
### Violation of the Overtime Provisions of the Fair Labor Standards Act
### LTD FLSA CLASS

37. Plaintiffs Parshall and Nemo-Sabree bring this action under the Fair Labor Standards Act for unpaid overtime on behalf and themselves and other similarly situated current, former and future employees of Defendant, specifically salaried exempt employees who processed long term disability claims.

38. Plaintiffs repeat and incorporate by reference as if fully set forth herein paragraphs 1 through 30 above.

39. At certain relevant times during their employment with Defendant, Plaintiffs processed long term disability claims, were classified as exempt, were paid a salary, and frequently worked in excess of forty (40) hours per workweek.

40. Plaintiffs are and/or were employees of Defendant as defined by 29 U.S.C. §203(e).

41. Plaintiffs were not exempt under any exemption pursuant to 29 U.S.C. §213.

42. Defendant is an employer as defined by 29 U.S.C. §.203(d).

43. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

44. As used in this Count the terms "FLSA Class" and "FLSA Covered" refers to all current, former, and future salaried employees who process(ed) long term disability claims; who were and/or are employed during the relevant time for this instant FLSA action; who were and/or

are classified as exempt and paid a salary; and, who work(ed) more than forty (40) hours per workweek.

45. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiffs and/or other FLSA Covered employees, and exercised control over the wages, hours, and working conditions of Plaintiffs and other Covered employees.

46. On a frequent basis throughout Plaintiffs' employment with Defendant, Plaintiffs and other FLSA Covered employees frequently worked in excess of forty (40) hours per week but were not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times their regular rate of pay.

47. At all relevant times Plaintiffs frequently worked in excess of forty (40) hours per week, Defendant was aware of, and suffered or permitted the same.

48. Defendant employs hundreds and/or thousands of similarly situated employees throughout the United States during all relevant time periods.

49. Other employees who worked for Defendant throughout the United States, and who are members of the class as defined herein were subjected to the same and/or similar policies and practices of being misclassified as salaried exempt and have sustained similar losses of compensation.

50. At all relevant times Plaintiffs and the FLSA Class Members, are, and have been, similarly situated, and have and/or had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week; (2) willfully and inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware

that the Plaintiffs and other similarly situated employees were non-exempt and entitled to overtime pay; and, (3) willfully failing to keep records required by the FLSA. The claims of Plaintiffs stated herein are essentially the same as those of the other potential plaintiffs.

51. Defendant failed to pay Plaintiffs and other similarly situated employees the required overtime rate, one-and-one-half times their regular rate, for all hours worked in excess of forty (40) hours per week.

52. Defendant willfully failed to keep proper records of all hours worked by Plaintiffs and all similarly situated employees, as required by 29 U.S.C. § 211(c), even though Plaintiffs and similarly situated employees are and/or were entitled to overtime compensation.

53. Defendant's failure to pay the required overtime rate was willful and/or the result of a common policy or plan that Plaintiffs and all similarly situated employees were subjected to, which resulted in Plaintiffs and similarly situated employees not being paid one-and-one-half times their regular rate for all hours worked in excess of forty (40) hours per week.

54. As a result of Defendant's violations of the FLSA, Plaintiffs and other similarly situated employees have suffered damages.

55. Plaintiffs retained Lytle & Barszcz, P.A., to represent them in this matter, and have agreed to pay said firm attorneys' fees for its services.

### COUNT II
### Rule 23 Class Action
### Unpaid Overtime under Illinois state law and municipal ordinance(s)
### LTD Rule 23 Class

56. Plaintiff Nemo-Sabree brings this Rule 23 Class Action pursuant to Illinois state law and city ordinances and codes on behalf herself and other similarly situated employees and repeats and incorporates by reference as if fully set forth herein paragraphs 1 through 30, and paragraphs 31 through 36 above.

57. Specifically, Plaintiff Nemo-Sabree brings this Rule 23 Class Action for unpaid overtime, on behalf of all current, former, and future employees of Defendant who during the relevant time period under Illinois Law and Municipal Ordinances and Codes process(ed) long term disability claims and were salaried exempt.

58. Plaintiff Nemo-Sabree and other similarly situated employees have claims under the Illinois Minimum Wage Law; the Illinois Wage Payment and Collection Act; the Illinois Attorneys' Fees in Wage Actions Act; and, the Chicago Minimum Wage Ordinance.

59. At certain relevant times during her employment with Defendant, Plaintiff Nemo-Sabree processed long term disability claims, was paid a salary, and worked in excess of eight (8) hour days and/or in excess of forty (40) hours in a workweek.

60. Plaintiff Nemo-Sabree was an employee of Defendant as defined under the Illinois Minimum Wage Law; the Illinois Wage Payment and Collection Act; and the Chicago Minimum Wage Ordinance.

61. Defendant is an employer as defined by the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. Sections 105/1, *et seq.*; the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. Sections 115/1, *et seq.*; the Chicago Minimum Wage Ordinance ("CMWO"), Section 1-24-10 of the Municipal Code of Chicago.

62. As used in this Count the terms "Rule 23 Class" and "Rule 23 Covered" refers to all current, former, and future salaried employees who process(ed) long term disability claims in Illinois, and who were and/or are employed during the relevant time-period in Illinois.

63. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff Nemo-Sabree and other Rule 23 Covered Employees, and exercised control

over the wages, hours, and working conditions of Plaintiff Nemo-Sabree and other Rule 23 Covered Employees.

64. On a frequent basis throughout Plaintiff Nemo-Sabree's employment with Defendant, Plaintiff Nemo-Sabree and other Rule 23 Covered Employees worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours per week but were not compensated for all hours worked at an overtime rate.

65. Defendant employ(ed) hundreds of similarly situated employees throughout the state of Illinois during the relevant time-period.

66. Other employees who worked for Defendant throughout Illinois, and who are members of the class as defined in this Count, were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation.

67. At all relevant times Plaintiff Nemo-Sabree and similarly situated employees who work and/or worked in Illinois, are, and have been, similarly situated, and have and/or had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) failing and refusing to pay them at the legally required overtime rate; (2) inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that Plaintiff Nemo-Sabree and other similarly situated employees were non-exempt and entitled to overtime pay; and, (3) failing to keep regarding hours worked. The claims of Plaintiff Nemo-Sabree stated herein are essentially the same as those of the other potential Class plaintiffs.

68. Under Illinois law, a three (3) year statute of limitation automatically applies, and any tolling provided to Plaintiff Nemo-Sabree by Defendant would extend to all similarly situated employees consistent with Plaintiff's tolling.

69.     As a result of Defendant's violations of the laws of Illinois, Plaintiff Nemo-Sabree and other similarly situated employees have suffered damages.

70.     Plaintiffs retained Lytle & Barszcz, P.A., to represent them in this matter, and have agreed to pay said firm attorneys' fees for its services.

**WHEREFORE**, Plaintiff Parshall and Plaintiff Nemo-Sabree, on behalf of themselves and all Class Members, respectfully pray that this Court:

a.  Certify the LTD FLSA Class described herein;

b.  Certify the Illinois LTD Rule 23 Class as described herein pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c.  Toll any and all statutes of limitation for the Class members consistent with any tolling agreements that the Named Plaintiffs and Opt-In Plaintiffs have with Defendant, or in the alternative, toll any and all statutes of limitation for putative class members' claims back to the filing of this Complaint;

d.  Appoint Lytle & Barszcz, P.A. as class counsel;

e.  Enter Judgment against Defendant in the amount of the Plaintiffs' and Class Members' individual unpaid overtime, statutory damages, actual and compensatory damages, liquidated damages, any other additional damages and penalties available under the law, and pre-judgment and post-judgment interest as allowed by law;

f.  Award Plaintiffs and Class Members attorneys' fees and costs;

g.  Declare the practices complained of herein unlawful;

h.  Enjoin Defendant from continuing the practices found illegal or in violation of the rights of Plaintiffs and Class Members; and

i.  Grant Plaintiffs and the Class Members such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted on this 28th day of October 2021.

*/s/ Mary E. Lytle*
**Mary E. Lytle, Esquire**
Florida Bar No.: 0007950
**David V. Barszcz, Esquire**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ**
533 Versailles Drive, 2nd Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**