UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

LADAWN NEMO-SABREE,
and BREANNE PARSHALL,
on behalf of herself and others           CASE NO.: 2:21-cv-2681-SHM/cgc
similarly situated,
      Plaintiff,                          **FLSA COLLECTIVE ACTION**

v.
                                     **JURY TRIAL DEMANDED**

SEDGWICK CLAIMS MANAGEMENT
SERVICES INC., a Foreign for Profit
Corporation,

      Defendant.
_____/

## AMENDED COMPLAINT
## WITH DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, LADAWN NEMO-SABREE and BREANNE PARSHALL ("Plaintiffs"), on behalf of themselves, and other similarly situated employees, by and through their undersigned counsel, and sue Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC. ("Defendant" or "Sedgwick"), and in support state as follows:

### Introduction

1.      Plaintiffs and Opt-In Plaintiffs are former and current employees of Defendant.

2.      During the Class Period, Defendant misclassified Plaintiffs and similarly situated employees as exempt from overtime, and as a result, failed to pay Plaintiffs and all class members overtime.

3.      Plaintiffs bring this instant action against Defendant, on behalf of themselves and a class of former, current and future employees who were similarly situated, to seek redress for Defendant's systematic and class-wide failure to pay overtime, and for all other damages requested herein.

1

**Jurisdiction and Venue**

4.      This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a). The citizenship of Plaintiffs and Defendant is completely diverse. In this regard, and as more fully alleged below, Defendant is incorporated in Tennessee, and at all relevant times to this instant action transacted business in the State of Tennessee, and Plaintiffs are citizens of different states than Defendant, they are all domiciled in different states than Defendant in that they reside in different states than Defendant and have an intent to remain indefinitely in these different states. In addition, the amount in controversy exceeds the sum or value of $75,000.00.

5.      This Court also has subject matter jurisdiction of the Fair Labor Standards Act ("FLSA") claims pursuant to 29 U.S.C. § 216(b), *et seq.*, and 28 U.S.C. § 1331, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this Court since at all times material to Plaintiffs' claims, Defendant has been incorporated in Tennessee, transacted business in the state of Tennessee, including within the Western District of Tennessee, and has conducted substantial, continuous, and systematic commercial activities in this District.

**Parties**

7.      Defendant is a Tennessee corporation with its principal place of business in Memphis, Tennessee, in Shelby County, and is a business who, at all relevant times to this instant action, transacted business in the state of Tennessee, including within the Western District of Tennessee, including conducting substantial continuous and systematic commercial activities in this District.

8.      Plaintiff LaDawn Nemo-Sabree ("Plaintiff Nemo-Sabree") is and has been since the commencement of this action, a citizen of the United States and a citizen of Illinois. Plaintiff

Nemo-Sabree has been domiciled in Illinois since on or before the filing of this complaint and is still domiciled in the State of Illinois. In this regard, she is an individual sui juris, who since the filing of the complaint in this action has resided and continues to reside in Alsip, Illinois, and intends to remain in the State of Illinois indefinitely. At all times relevant hereto, Plaintiff Nemo-Sabree commuted to and worked in Defendant's Chicago, Illinois office.

9.      Plaintiff Breanne Parshall ("Plaintiff Parshall") is and has been since the commencement of this action, a citizen of the United States and a citizen of Iowa. Plaintiff Parshall has been domiciled in Iowa since on or before the filing of this complaint and is still domiciled in the State of Iowa. In this regard, she is an individual sui juris, who since the filing of the complaint in this action has resided and continues to reside in Cedar Rapids, Iowa, and intends to remain in the State of Iowa indefinitely.

10.     Plaintiffs Nemo-Sabree and Parshall bring claims for unpaid overtime on behalf of themselves, and for all current, former, and future employees who work(ed) for Defendant throughout the United States, were salaried exempt, and processed long term disability claims. Upon information and belief, Sedgwick utilizes different titles for positions processing long term disability claims and/or they are referred to by different titles/names including but not limited to LTD Specialist, LTD Case Specialist, and Long Term Disability Specialist.

11.     Plaintiffs worked before and after their scheduled shifts and worked through their lunch breaks.

12.     Plaintiffs customarily worked five (5) or more overtime hours per work week.

13.     Some Plaintiffs complained verbally to supervisors and managerial employees of Defendant about not being paid overtime under the FLSA.

14.     Plaintiffs processed long term disability claims for Defendant. Typical job duties include(d) reviewing information on file; contacting and communicating with claimants; and, acting as a liaison for claimants between the client and medical provider. Plaintiffs were also required to frequently check e-mail.

15.     Those similarly situated to Plaintiffs processed long term disability claims for Defendant. Similarly, their typical job duties include(d) reviewing information on file; contacting and communicating with claimants; and, acting as a liaison for claimants between the client and medical provider. They were also required to frequently check e-mail.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiffs Nemo-Sabree and Parshall bring this action on behalf of themselves and all other current, former, and future salaried exempt individuals who are and/or were employed by Defendant and who process(ed) long term disability claims, for unpaid overtime and related damages under the Fair Labor Standards Act. (herein referred to as "LTD FLSA Class").

17.     Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

18.     As used herein, the term "FLSA covered positions" refers to all current, former, and future salaried exempt employees who process(ed) long term disability claims throughout the United States and who were and/or are employed during the relevant time frame for this FLSA action.

19.     At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiffs Parshall, Nemo-Sabree, and other individuals as defined herein, and exercised control over the wage, hours, and working conditions of Plaintiffs and other similarly situated employees.

20.     Plaintiffs and similarly situated employees were classified as exempt salaried employees and were not paid time and one half for all hours worked in a workweek. Plaintiffs and similarly situated employees regularly worked over forty (40) hours per week without being paid the overtime premium.

21.     Plaintiffs and similarly situated employees who processed long term disability claims were denied overtime wages because they were misclassified as exempt employees.

22.     Upon information and belief, Defendant employs hundreds of employees who process(ed) long term disability claims throughout the United States.

23.     Other employees who worked for Defendant throughout the United States, and who are members of the FLSA collective class as defined herein were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation.

24.     At all relevant times Plaintiffs Nemo-Sabree and Parshall, and the FLSA covered employees as defined herein are, and have been, similarly situated. Plaintiffs and the putative collective class members had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week; (2) willfully and inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that the Plaintiffs and similarly situated employees were to overtime pay; and, (3) willfully failed to keep records required by the FLSA.

25.     Defendant classified individuals processing long term disability claims as salaried exempt knowing and/or showing reckless disregard for whether its conduct was prohibited by the

5

FLSA; and/or had a common scheme and plan for systematically classifying these positions as exempt.

26.     In this regard, one way Defendant was aware of and/or showed reckless disregard was its knowledge from other lawsuits in which Defendant has been sued for misclassifying employees who processed disability claims, see *Easterwood et al. v. Sedgwick Claims Management Services, Inc.,* Case No. 6:19-cv-700-WWB-LRH.

27.     In addition, Defendant reclassified positions processing short term disability claims from exempt to hourly non-exempt. Individuals processing long term disability claims, upon information and belief, follow the same processes and procedures used by individuals processing short term disability claims.

28.     Upon further information and belief, Defendant has also been investigated by the Department of Labor with respect to the same or a similar type of position.

29.     Due to Defendant's willful violation of the FLSA a three (3) year statute of limitation applies.

30.     The claims of Plaintiffs stated herein are essentially the same as those of the other potential FLSA collective class members.

31.     Plaintiffs and all other similarly situated individuals who process(ed) long term disability claims have sustained damages from Defendant's failure to pay overtime compensation.

32.     Plaintiffs will fairly and adequately protect the interests of the Class Members and have retained counsel experienced and competent in labor and employment law and class action litigation. Plaintiffs have no interests which are antagonistic to those of other Class Members.

33.     Plaintiffs' claims are typical of the claims for the FLSA class of employees processing long term disability claims, in that they were performing the same and/or similar job

duties; were misclassified as exempt from overtime under the FLSA; were paid a salary; worked more than forty (40) hours in a single work week; were not paid overtime; and, were harmed by Defendant's failure to pay the overtime compensation due and owing.

34.     Plaintiffs worked before and after their scheduled shifts and worked through their lunch breaks.

35.     Plaintiffs customarily worked five (5) or more overtime hours per week.

36.     Collective Action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy, because it permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort.

## COUNT I
## FLSA Collective Action
## Violation of the Overtime Provisions of the Fair Labor Standards Act
## LTD FLSA CLASS

37.     Plaintiffs Nemo-Sabree and Parshall bring this action under the Fair Labor Standards Act for unpaid overtime on behalf and themselves and other similarly situated current, former and future employees of Defendant, specifically salaried exempt employees who processed long term disability claims.

38.     Plaintiffs repeat and incorporate by reference as if fully set forth herein paragraphs 1 through 36 above.

39.     At certain relevant times during their employment with Defendant, Plaintiffs processed long term disability claims, were classified as exempt, were paid a salary, and frequently worked in excess of forty (40) hours per workweek.

40.     Plaintiffs are and/or were employees of Defendant as defined by 29 U.S.C. §203(e).

41.     Plaintiffs were not exempt under any exemption pursuant to 29 U.S.C. §213.

42.     Defendant is an employer as defined by 29 U.S.C. §.203(d).

43.     Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

44.     As used in this Count the terms "FLSA Class" and "FLSA Covered" refers to all current, former, and future salaried employees who process(ed) long term disability claims; who were and/or are employed during the relevant time for this instant FLSA action; who were and/or are classified as exempt and paid a salary; and, who work(ed) more than forty (40) hours per workweek.

45.     At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiffs and/or other FLSA Covered employees, and exercised control over the wages, hours, and working conditions of Plaintiffs and other Covered employees.

46.     On a frequent basis throughout Plaintiffs' employment with Defendant, Plaintiffs and other FLSA Covered employees frequently worked in excess of forty (40) hours per week but were not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times their regular rate of pay.

47.     At all relevant times Plaintiffs frequently worked in excess of forty (40) hours per week as set forth in paragraphs 11-12 and 34-35, Defendant was aware of, and suffered or permitted the same. In fact, some Plaintiffs complained to supervisors and managerial employees of Defendant about not being paid overtime under the FLSA.

48.     Defendant employs hundreds and/or thousands of similarly situated employees throughout the United States during all relevant time periods.

49.     Other employees who worked for Defendant throughout the United States, and who are members of the class as defined herein were subjected to the same and/or similar policies and

practices of being misclassified as salaried exempt and have sustained similar losses of compensation.

50.     At all relevant times Plaintiffs and the FLSA Class Members, are, and have been, similarly situated, and have and/or had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week; (2) willfully and inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that the Plaintiffs and other similarly situated employees were non-exempt and entitled to overtime pay; and, (3) willfully failing to keep records required by the FLSA. The claims of Plaintiffs stated herein are essentially the same as those of the other potential plaintiffs.

51.     Defendant failed to pay Plaintiffs and other similarly situated employees the required overtime rate, one-and-one-half times their regular rate, for all hours worked in excess of forty (40) hours per week.

52.     Defendant willfully failed to keep proper records of all hours worked by Plaintiffs and all similarly situated employees, as required by 29 U.S.C. § 211(c), even though Plaintiffs and similarly situated employees are and/or were entitled to overtime compensation.

53.     Defendant's failure to pay the required overtime rate was willful, as alleged in paragraphs 13 and 24-29, and/or the result of a common policy or plan that Plaintiffs and all similarly situated employees were subjected to, which resulted in Plaintiffs and similarly situated employees not being paid one-and-one-half times their regular rate for all hours worked in excess of forty (40) hours per week.

54.     As a result of Defendant's violations of the FLSA, Plaintiffs and other similarly situated employees have suffered damages.

55.     Plaintiffs retained Lytle & Barszcz, P.A., to represent them in this matter, and have agreed to pay said firm attorneys' fees for its services.

**COUNT II**
**Unpaid Overtime under Illinois state law and municipal ordinance(s)**
**(Plaintiff Nemo-Sabree Only)**

56.     Plaintiff Nemo-Sabree brings this action pursuant to Illinois state and local laws and repeats and incorporates by reference as if fully set forth herein paragraphs 1-2, 4-10, 11-15, and 34-35.

57.     Plaintiff Nemo-Sabree has claims under the Illinois Minimum Wage Law*;* the Illinois Wage Payment and Collection Act; the Illinois Attorneys' Fees in Wage Actions Act; and, the Chicago Minimum Wage Ordinance.

58.     At certain relevant times during her employment with Defendant, Plaintiff Nemo-Sabree processed long term disability claims, was paid a salary, and worked in excess of eight (8) hour days and/or in excess of forty (40) hours in a workweek but was not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times her regular rate of pay.

59.     At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff Nemo-Sabree and exercised control over the wages, hours, and working conditions of Plaintiff Nemo-Sabree.

60.     At all relevant times Plaintiff Nemo-Sabree frequently worked in excess of forty (40) hours per week as set forth in paragraphs 11-12. Defendant was aware of and suffered or permitted the same.

61.     Plaintiff Nemo-Sabree was an employee of Defendant as defined under the Illinois Minimum Wage Law*;* the Illinois Wage Payment and Collection Act; and the Chicago Minimum Wage Ordinance.

62.     Defendant is an employer as defined by the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. Sections 105/1, *et seq.;* the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. Sections 115/1, *et seq.*; the Chicago Minimum Wage Ordinance ("CMWO"), Section 1-24-10 of the Municipal Code of Chicago.

63.     Defendant failed to pay Plaintiff Nemo-Sabree the required overtime rate, one-and-one-half times her regular rate, for all hours worked in excess of forty (40) hours per week.

64.     Defendant willfully failed to keep proper records of all hours worked by Plaintiff Nemo-Sabree, even though Plaintiff is and/or was entitled to overtime compensation.

65.     Defendant's failure to pay the required overtime rate was willful, which resulted in Plaintiff Nemo-Sabree not being paid one-and-one-half times her regular rate for all hours worked in excess of forty (40) hours per week.

66.     Under Illinois law, a three (3) year statute of limitation automatically applies.

67.     As a result of Defendant's violations of the laws of Illinois, Plaintiff Nemo-Sabree has suffered damages.

68.     Plaintiff retained Lytle & Barszcz, P.A., to represent her in this matter, and has agreed to pay said firm attorneys' fees for its services.

**WHEREFORE**, Plaintiffs Nemo-Sabree and Parshall, on behalf of themselves and all Class Members, respectfully pray that this Court:

a.   Certify the LTD FLSA Class described herein;

b.  Toll any and all statutes of limitation for the Class members consistent with any tolling agreements the Named Plaintiffs and current Opt-In Plaintiffs have with Defendant, or in the alternative, toll any and all statutes of limitation for putative FLSA claims back to the filing of this Complaint;

c.  Appoint Lytle & Barszcz, P.A. as class counsel;

d.  Enter Judgment against Defendant in the amount of the Plaintiffs' and Class Members' individual unpaid overtime, statutory damages, actual and compensatory damages, liquidated damages, any other additional damages and penalties available under the law, and pre-judgment and post-judgment interest as allowed by law;

e.  Award Plaintiffs and Class Members attorneys' fees and costs;

f.  Declare the practices complained of herein unlawful;

g.  Enjoin Defendant from continuing the practices found illegal or in violation of the rights of Plaintiffs and Class Members; and

h.  Grant Plaintiffs and the Class Members such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted on this 22nd day of December 2021.

/s/ Mary E. Lytle
**Mary E. Lytle, Esquire**
Florida Bar No.: 0007950
**David V. Barszcz, Esquire**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ**
533 Versailles Drive, 2nd Floor
Maitland, Florida 32751
Telephone: (407) 622-6544

12

Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 22, 2021, the foregoing was electronically filed

with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing

to **Robin A. Wofford, Esq.,** rwofford@wilsonturnerkosmo.com, **Meryl C. Maneker, Esq.,**

mmaneker@wilsonturnerkosmo.com, **Leticia C. Butler, Esq.**, lbutler@wilsonturnerkosmo.com,

and **Lois M. Kosch, Esq.**, lkosch@wilsonturnerkosmo.com, **WILSON TURNER KOSMO**

**LLP,** 402 West Broadway, Suite 1600, San Diego, California 92101.

*/s/ Mary E. Lytle*
**Counsel for Plaintiffs**