IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LADAWN NEMO-SABREE, BREANNE PARSHALL, LINDA BECKER, BARBARA NELSON-HUGHES, WIOLETTA GALADYK, ANGELA VAUGHN, MARIA BOWEN, AND SHERILYN O'HARA, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED, | ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | )    No. 2:21-cv-02681-SHM-chc ) |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., A FOREIGN FOR PROFIT CORPORATION, | ) ) ) ) |
| Defendant. | |

ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
AND STIPULATION OF DISMISSAL WITH PREJUDICE

This action was brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. (the "FLSA"), and Illinois state law. Before the Court is the parties' Joint Motion to Approve Settlement Agreement and Stipulation of Dismissal with Prejudice. See ECF No. 61. The Motion is GRANTED.

**I.    Background**

There are twelve Plaintiffs. The Named Plaintiffs are LaDawn Nemo-Sabree, Breanne Parshall, Linda Becker, Barbara Nelson-Hughes, Wioletta Galadyk, Angela Vaughn, Maria Bowen, and Sherilyn O'Hara. ECF No. 61, at 1. The Opt-in Plaintiffs are

Malcolm Beaty, Shenitha Buchanan, Dodie Wendt, and Ginger Yarber. Id.[1] Plaintiffs are former and current employees of Defendant Sedgwick Claims Management Services, Inc. See ECF No. 58, ¶ 1. Plaintiffs worked as long-term-disability ("LTD") Specialists and processed claims for Defendant. Id. ¶¶ 20-21.

Plaintiffs bring their claims as a collective action under FLSA § 216(b) on behalf of themselves and others similarly situated. Id. ¶ 3. In Count I, Plaintiffs allege that Defendant violated the FLSA by misclassifying Plaintiffs as exempt from overtime wages, failing to pay overtime wages, and failing to keep required records. Id. ¶¶ 43-61. In Count II, Plaintiffs allege that Defendant's conduct violated various Illinois and Chicago labor laws. Id. ¶¶ 62-76.[2] Plaintiffs ask the Court to certify the FLSA class and to award damages. Id. ¶¶ 76(a), 76(d).

Although Defendant denies liability, Defendant has agreed to settle. See ECF No. 61, a 3. The settlement would consist of twelve separate agreements, which together would constitute a global settlement of Plaintiffs' wage-based claims. Id. at 5.

---

[1] Named Plaintiffs and Opt-In Plaintiffs are referred to collectively as "Plaintiffs" throughout this Order.

[2] Not all Plaintiffs are included in Count II. Named Plaintiffs Nemo-Sabree, Becker, Nelson-Hughes, Galadyk, Vaughn, Bowen, and O'Hara assert claims under the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, and the Illinois Attorneys' Fees in Wage Actions Act. Named Plaintiffs Nemo-Sabree and Vaughn also assert claims under the Chicago Minimum Wage Ordinance.

Plaintiffs no longer seek certification of an FLSA class. Id. at 3. Plaintiffs agree to release their FLSA and wage claims from the time Plaintiffs became LTD Specialists until (1) the time Plaintiffs left the LTD Specialist position or (2) October 12, 2023, the date on which Plaintiffs agreed to their respective settlements. In return, Defendant agrees to pay Plaintiffs $175,000: $130,625 in back wages for the twelve Plaintiffs and $44,375 in attorneys' fees and costs.

The parties assert that these payments "represent fair, reasonable consideration for settlement of Plaintiffs' wage and hour claims against [Defendant] for the specific time period[s] set forth in the Agreements." Id. at 8. The parties note that the attorneys' fees were negotiated separately from the Plaintiffs' individual recoveries and had no impact on the sums paid to Plaintiffs. Id. at 14.

## II. Jurisdiction

Plaintiffs and Defendant are completely diverse, and the amount in controversy exceeds the sum or value of $75,000. The Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

The Court also has original jurisdiction over the FLSA claims in Count I pursuant to 28 U.S.C. § 1331(a). Plaintiffs' state law and municipal law claims in Count II arise from the same conduct as the FLSA claims. The Court has supplemental

jurisdiction over the claims in Count II pursuant to 28 U.S.C. § 1367(a).

**III. Standard of Review**

Although there is a Circuit split on the issue, the Courts in the Western District of Tennessee require judicial approval of proposed FLSA settlements brought under 29 U.S.C. § 216(b). Transou v. Toyota Boshoku Tenn., LLC, No. 22-cv-01062, 2023 WL 6217760, at *2 (W.D. Tenn. Sept. 25, 2023) (following Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982), which required judicial approval of all FLSA claims brought by employees under § 216(b) - not just collective actions); see also, e.g., Kutzback v. Riviana Foods, Inc., No. 22-cv-02025, 2023 WL 2261417, at *1 (W.D. Tenn. Feb. 27, 2023); Gardner v. Blue Sky Carriers, Inc., No. 20-cv-02390, 2021 WL 6689547, at *1 (W.D. Tenn. May 14, 2021); David v. Kohler Co., No. 15-cv-01263, 2019 WL 6719840, at *3 (W.D. Tenn. Dec. 10, 2019).

"The Court must consider whether the settlement is 'a fair and reasonable resolution of a bona fide dispute.'" Jackson v. Turner Holdings, LLC, No. 20-cv-02018, 2020 WL 8461764, at *1 (W.D. Tenn. Oct. 30, 2020); see also Fischer v. JWB Props. LLC, No. 20-cv-02599, 2021 WL 6751869, at *1 (W.D. Tenn. Sept. 17, 2021). To make that determination, the Court considers the factors endorsed by the Sixth Circuit in Does 1-2 v. Déjà Vu

4

Services, Inc., 925 F.3d 886 (6th Cir. 2019). Those factors include "(1) the 'risk of fraud or collusion,' (2) the 'complexity, expense and likely duration of the litigation,' (3) the 'amount of discovery engaged in by the parties,' (4) the 'likelihood of success on the merits,' (5) the 'opinions of class counsel and class representatives,' (6) the 'reaction of absent class members,' and (7) the 'public interest.'" Does 1-2, 925 F.3d at 894-95 (quoting Int'l Union, UAW, et al. v. Gen. Motors Corp., 497 F.3d 615, 631 (6th Cir. 2007)).

The Sixth Circuit in Does 1-2 considered both a collective action under the FLSA and a class action under Federal Rule of Civil Procedure 23. See id. at 892. The fifth and sixth factors do not apply to this case, in which Plaintiffs seek individual settlements under the FLSA. However, the opinions of experienced counsel are relevant. The Court also finds that an assessment of the attorneys' fees is an important factor in considering whether the settlements are "fair and reasonable." See O'Bryant v. ABC Phones of N.C., Inc., No. 19-cv-02378, 2020 WL 4493157, at *15 (W.D. Tenn. Aug. 4, 2020) ("When a proposed settlement of FLSA claims includes the payment of attorneys' fees, the court must assess the reasonableness of the fee award.").

The seven fairness factors are therefore (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged

in by the parties; (4) the likelihood of success on the merits; (5) the opinions of counsel; (6) the public interest; and (7) the reasonableness of the attorneys' fees.

## IV. Analysis

### A. Risk of Fraud or Collusion

There is no risk of fraud or collusion. All parties were represented by counsel. Counsel assert that they have had prior experience litigating FLSA claims. See ECF No. 61, at 11. The parties represent that the settlements were the result of arms-length bargaining processes. See id.; see also Allen v. Express Courier Int'l, Inc., No. 18-cv-20, 2019 WL 13216607, at *1 (E.D. Tenn. Nov. 5, 2019) (noting that the risk of fraud and collusion is reduced when parties are "represented by counsel throughout the litigation" and the parties engage in "arms-length negotiations by counsel over significantly contested issues to achieve a settlement"). This factor weighs in favor of approving the settlements.

### B. Complexity, Expense, and Likely Duration of the Litigation

The complexity, expense, and likely duration of the litigation favor approving the settlements. Although the parties aver that they have completed a large amount of discovery and data analysis, they note correctly that this action still has a long way to go. See ECF No. 61, at 11–12.

According to the operative "Complex Track Scheduling Order," the final date for discovery is April 5, 2024. <u>See</u> ECF No. 54, at 2. Dispositive motions, which will likely require the resolution of multiple legal issues, are not due until May 6, 2024. <u>Id.</u> The jury trial is set to begin on October 7, 2024, and the trial is estimated to take four to five weeks. <u>Id.</u> This factor weighs in favor of approving the settlements.

### C.   Amount of Discovery Engaged in by the Parties

The amount of discovery conducted by the parties favors approving the settlements. The parties state that they engaged in discovery "from early 2022 through July 2023." <u>See</u> ECF No. 61, at 11. The parties assert that this discovery included "the production or Plaintiffs' wage statements, W-2s, and log on and log off activity as well as [Defendant's] policies, practices, and training materials." <u>Id.</u> at 12. Based on those assertions, the Court concludes that the parties have engaged in sufficient discovery to inform their settlement negotiations and to reach fair and reasonable resolutions. This factor weighs in favor of approving the settlements.

### D.   Likelihood of Success on the Merits

This factor is neutral. As the parties note, the outcome of this litigation is "uncertain" at this stage. <u>Id.</u> The Court does not have enough information or briefing to reach a conclusion on

this factor. This factor favors neither approval nor disapproval of the settlements.

### E.  Opinions of Counsel

Counsel's opinions favor approval of the settlements. Counsel for both parties represent that their attorneys have "extensive experience litigating FLSA collective actions." Id. at 14. The Court has no reason to doubt those assertions. The Court credits counsel's view that the settlements are in the best interest of their clients. This factor weighs in favor of the settlements.

### F.  Public Interest

It is in the public interest to approve the settlements. It is in the public interest "to promote the policy of encouraging settlement of litigation." Foster v. Residential Programs, Inc., No. 19-cv-2358, 2021 WL 664055, at *4 (S.D. Ohio Feb. 18, 2021) (quoting Lynn's Food, 679 F.2d at 1354). Settlement agreements that "reflect[] a reasonable compromise over the issues," like the agreements here, support that interest. Id. This factor weighs in favor of approving the settlements.

### G.  Reasonableness of the Attorneys' Fees

The attorneys' fees are reasonable. Counsel for the parties assert that the attorneys' fees were "negotiated separately from Plaintiffs' recoveries and without adversely affecting

Plaintiffs' recoveries." See ECF No. 61, at 15. Counsel notes that they have billed more than $70,000 in attorneys' fees, not including time spent on this case after settlement was reached. Id. After negotiation, Plaintiffs' counsel seeks $44,375 in fees and costs. That amount is a little over 25% of the total award. Although Plaintiffs no longer seek certification of an FLSA class, certification was Plaintiffs' intention when they brought suit. It is not abnormal in this Circuit for attorneys' fees in FLSA collective actions to comprise of 20% to 35% of the total award. See O'Bryant, 2020 WL 4493157, at *15. The proposed fees and costs are reasonable. This factor weighs in favor of approving the settlements.

## V. Conclusion

The Joint Motion to Approve Settlement Agreement and Stipulation of Dismissal with Prejudice, see ECF No. 61, is GRANTED. This case is DISMISSED WITH PREJUDICE.

SO ORDERED this _20th_ day of December, 2023.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE